Michael P. Zweig (MZ-5318)
John A. Piskora (JP-1224)
Tal E. Dickstein (TD-0928)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
212-407-4000

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
OKSANA BAIUL,                                                  :

                Plaintiff,                    :

             -against-                              :

WILLIAM MORRIS AGENCY, LLC (f/k/a              :
WILLIAM MORRIS AGENCY, INC.);
WILLIAM MORRIS ENDEAVOR
ENTERTAINMENT, LLC; SHELDON
SCHULTZ; MICHAEL CARLISLE; JAMES               :
GRIFFIN; ALAN DWORKIN; RICHARD
HERSH; WALLIN, SIMON & BLACK;                  :
PATRICIA BLACK; ALAN A. WALLIN;
ALAN SUSKIND; THE SCREEN ACTORS                :
GUILD – AMERICAN FEDERATION OF
TELEVISION AND RADIO ARTISTS;                  :
OLYMPIC CHAMPIONS LTD. (BVI);
OLYMPIC CHAMPIONS LTD. (Del.);                 :
UKRANIAN FINANCIAL GROUP JSC;
GALINA ZMIEVSKAYA; VICTOR
PETRENKO; NINA PETRENKO; PJSC
GALA RADIO; JOSEPH LEMIRE a/k/a                :
JOSEPH C. LEMIRE; VALERY G. BABICH
a/k/a VLASISLAV V. BABYCH; KEY                 :
BRAND ENTERTAINMENT INC.;
MICHAEL ROSENBERG and NANCY                    :
ROSENBERG,

                                                      :
                Defendants.
-------------------------------------------------------------- X

JUDGE FORREST

**13 CV 8683**

Case No.

**NOTICE OF REMOVAL**



Pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq.*, Defendants 1898 Holdings, LLC (f/k/a and incorrectly sued herein as William Morris Agency, LLC, f/k/a William Morris Agency Inc.

(Del.)), William Morris Endeavor Entertainment, LLC, Sheldon Shultz, Michael Carlisle, James Griffin, Alan Dworkin, and Richard Hersh (collectively, the "Removing Defendants") hereby give notice of removal and removes the action described below from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

## INTRODUCTION

1.  On or about October 18, 2013, a civil action was filed in the Supreme Court of the State of New York, County of New York, entitled <u>Oksana Baiul v. William Morris Agency, LLC, et al.</u>, New York County Index No. 653491/13 (the "State Court Action"). A copy of the Summons and Plaintiff's original Complaint (with exhibits and supporting affidavits, the "Original Complaint") is attached hereto as Exhibit 1.

2.  On or about October 29, 2013, Plaintiff in the State Court Action filed an Amended Complaint. A copy of Plaintiff's Amended Complaint (with exhibits and supporting affidavits) is attached hereto as Exhibit 2

3.  On December 3, 2013, Plaintiff filed an Affidavit of Service in the State Court Action, purporting to evidence that Defendant WMEE had been personally served with the Summons, Original Complaint, and Amended Complaint on November 21, 2013.

4.  On December 3, 2013, Plaintiff filed an Affidavit of Service in the State Court Action, purporting to evidence that Defendant Richard Hersh had been personally served with the Summons, Original Complaint, and Amended Complaint on November 25, 2013.

5.  In addition, in or about early December 2013, the Summons, Original Complaint, and Amended Complaint were delivered to (and purportedly served upon) Defendants Patricia

Black, Alan Suskind, and Alan Dworkin. We are informed that Defendant Alan A. Wallin is deceased.

6. Other than as referenced above, Plaintiff has not filed any additional affidavits of service in the State Court Action, and the Removing Defendants are unaware of any additional Defendant that has been served with the Summons, Original Complaint and Amended Complaint.

7. Defendants Patricia Black, Alan Suskind, Wallin, Suskind & Black, and Alan Dworkin have advised the undersigned that they consent to the removal of this action.

8. In her Amended Complaint, Plaintiff, a former Olympic figure skater, alleges that beginning in 1994 and continuing for a number years thereafter, she suffered tens of millions of dollars in purported damages as a result of an alleged criminal conspiracy among Defendants (primarily, Plaintiff's former personal managers, business managers and/or talent agents). Based on such allegations of theft and misappropriation, Plaintiff purports to assert causes of action against Defendants for alleged breaches of the Federal civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, as well as alleged breaches of contract (including breaches of the implied covenants of good faith and fair dealing), breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, tortious interference with contract, conversion, accounting malpractice, and breaches of fair representation.

9. No Defendant has yet entered an appearance or filed a responsive pleading or other papers in the State Court Action.

## BASIS FOR REMOVAL – FEDERAL QUESTION

10. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(b) insofar as the State Court Action is a civil action of which this Court has original jurisdiction founded on a claim or right arising under the laws of the United States, within the meaning of 28 U.S.C. § 1331.

11. In particular, Plaintiff's first and primary claim is one for alleged violations of the Federal civil RICO statute, 28 U.S.C. §§ 1961 *et seq*. Plaintiff's claims therefore raise a federal question, as Plaintiff's primary claim arises under the federal RICO statute within the meaning of 28 U.S.C. § 1331.

## THE REMAINING REQUIREMENTS FOR REMOVAL HAVE BEEN MET

12. Removal to this Court and division is proper under 28 U.S.C. § 1446(a) insofar as the State Court Action was pending in New York Supreme Court, New York County.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b) insofar it is being filed within thirty (30) days of alleged service of the Summons, Original Complaint and Amended Complaint upon Defendants WMEE and Hersh, which occurred on November 21, 2013 and November 25, 2013 respectively.

14. Pursuant to 28 U.S.C. § 1446(b), all state-court papers served upon Defendants WMEE and Hersh at the time of removal are attached hereto.

15. Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal, the Removing Defendants have served written notice hereof upon Plaintiff and filed a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, from which the State Court Action case was removed.

**WHEREFORE**, the Removing Defendants respectfully requests that the State Court Action be removed to this Court and placed on the docket of this Court for further proceedings as though originally instituted in this Court.

Dated: New York, New York
December 6, 2013

>                                    LOEB & LOEB LLP
>
>                                    By: _____
>                                         Michael P. Zweig (MZ-5318)
>                                         John A. Piskora (JP-1224)
>                                         Tal E. Dickstein (TD-0928)
>                                         345 Park Avenue
>                                         New York, New York 10154-1895
>                                         (212) 407-4000
>
>                                    *Attorneys for Defendants
>                                    1898 Holdings, LLC (f/k/a William Morris
>                                    Agency, LLC), William Morris Endeavor
>                                    Entertainment, LLC, Sheldon Shultz,
>                                    Michael Carlisle, James Griffin, Alan
>                                    Dworkin, and Richard Hersh*