USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 0 3 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OKSANA BAIUL,

                Plaintiff,

    -v-

WILLIAM MORRIS AGENCY, LLC, et al.,

               Defendant.

------------------------------------------------------------X

13 Civ. 8683 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On December 6, 2013, this action was removed from New York state court on the grounds that plaintiff's first and primary claim is for the alleged violation of the federal civil Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and thus raises a federal question under 28 U.S.C. § 1331. (Notice of Removal ¶¶ 10-11, ECF No. 1.) On January 6, 2014, plaintiff moved to remand the action back to New York state court, pursuant to 28 U.S.C. § 1447(c), on the grounds that all defendants did not timely consent to removal. (ECF Nos. 77, 83-84.) Defendants 1898 Holdings, LLC (f/k/a William Morris Agency, LLC), William Morris Endeavor Entertainment, LLC, Sheldon Shultz, Michael Carlisle, James Griffin, Alan Dworkin, and Richard Hersh (collectively, the "WMEE Defendants") and defendants Wallin Simon & Black, Patricia Black, and Allan Suskind (collectively, the WSB Defendants") opposed the motion on January 21,

2014.[1] (ECF Nos. 91-94.) Defendants Olympic Champions Ltd. (Delaware), Olympic Champions Ltd. (BVI), Galina Zmievskaya, Nina Petrenko, Joseph Lemire and Victor Petrenko (collectively, the "Olympic Defendants") and defendant Key Brand Entertainment, Inc. ("Key Brand") joined in this opposition. (ECF Nos. 95-96.) Despite having appeared in this action on ECF, defendant Screen Actors Guild – American Federation of Television and Radio Artists ("SAG") has not responded to the motion. Plaintiff filed her reply in further support of the motion on January 28, 2014, at which point the motion became fully briefed. (ECF Nos. 101-104.)

For the reasons set forth below, plaintiff's motion to remand is DENIED and defendant Alan Wallin is DISMISSED from this action.

## FACTS

On December 6, 2013, the WMEE Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441. In that notice, they state, inter alia, that the WSB Defendants also consent to removal and that Alan Wallin, formerly of Wallin Simon & Black, is deceased. (Notice of Removal ¶¶ 5, 7.)

On December 19, 2013, SAG, the Olympic Defendants, and Key Brand filed notice of consent to the removal. (ECF Nos. 52-53, 55.)

On December 20, 2013, attorneys for Loeb & Loeb LLP filed a notice reiterating the consent to removal previously provided by the WSB Defendants. (ECF No. 57.) In that consent, Loeb & Loeb notes that Wallin deceased prior to the commencement of this action and is therefore not a properly-named defendant. (Id.)

---

[1] Both the WMEE Defendants and the WSB Defendants are represented by the same counsel, Loeb & Loeb LLP.

Attorneys at Loeb & Loeb filed notices of appearance on behalf of the WSB Defendants on December 23, 2013. (ECF Nos. 60-62.)

In support of their opposition to the instant motion, the WSB Defendants provided three declarations. John Piskora, one of the Loeb & Loeb attorneys who have entered notices of appearance in this action, declares: (1) on December 6, 2013, prior to the filing of the notice of removal, the WSB Defendants consented to removal and authorized Loeb & Loeb to indicate their consent in the notice; (2) Wallin passed away in March 2004; and (3) Loeb & Loeb was formally retained to represent the WSB Defendants on December 20, 2013. (See Piskora Decl. ¶¶ 3-6, ECF No. 92). Declarations submitted by Patricia Black and Alan Suskind confirm each of these facts. (See Black Decl. ¶¶ 3-5, ECF No. 93; Suskind Decl. ¶¶ 3-4, ECF No. 94.)

## DISCUSSION

Under 28 U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "On a motion to remand, the party seeking to sustain the removal . . . bears the burden of demonstrating that removal was proper." Wilds v. United Parcel Service, Inc., 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003).

3

"[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period, known as the 'Rule of Unanimity.'" Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001). "Although all Defendants need not sign the removal petition, courts typically require that each defendant timely submit some form of unambiguous written evidence of consent." Stop & Shop Supermarket Co. v. Goldsmith, No. 10 Civ. 3052 (KMK), 2011 WL 1236121, at *2 (S.D.N.Y. Mar. 31, 2011) (citations and internal quotation marks omitted). The Rule of Unanimity only applies, however, to parties that have been properly served. Id.

First, plaintiff argues that the removal was improper because defendant Alan Wallin has not provided his consent, after having been properly served under N.Y. C.P.L.R. § 308(2) by mail to Wallin Simon & Black (purportedly his last known place of business). (Mem. at 4-6, ECF No. 83.) The Court disagrees. It is undisputed that Wallin passed away in March 2004, more than nine years before plaintiff filed this action. Whether it is in fact "reasonable" for plaintiff to have believed that Wallin continuously represented her from April 1997 through January 2012 (i.e., for more than seven and a half years after his death) (see Baiul Aff. ¶ 5, ECF No. 102), her attorney could have easily discovered this information by reviewing the first page of results from a Google search for the name "Alan A. Wallin." The Court finds that plaintiff's purported service on Wallin was not proper, and thus his failure to consent to removal does not serve as a basis to defeat

4

removal. Evidence of a deceased's wishes via Ouija board is not admissible in federal court.

Further, under New York law, claims against an individual whose death predates the filing of the summons and complaint are a nullity. See Marte v Graber, 58 A.D.3d 1, 2-3 (N.Y. App. Div. 2008); Jordan v City of New York, 23 A.D.3d 436, 437 (N.Y. App. Div. 2005) ("A party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate."). As plaintiff concedes in her reply papers, she has not brought suit against Wallin's estate, and "would likely need to" in order to receive relief. (Reply at 8, ECF No. 101). Accordingly, the Court hereby dismisses defendant Alan Wallin from this action.

Second, plaintiff seems to argue that the consents to removal that have been provided by the WSB Defendants are either ineffective, untimely, or both. (Mem. at 5-6; Reply at 2-6.) Again, the Court disagrees. The WSB Defendants have carried their burden of showing that they properly consented to removal at least twice—first, on December 6, 2013, in the notice of removal itself, and second, on December 20, 2013, in a consent filed by their attorneys. That the attorneys for Loeb & Loeb did not file notices of appearance in this action until December 23, 2013 is of no moment—the record reflects that the WSB Defendants authorized Loeb & Loeb to state their consent to removal both in the December 6, 2013 notice of removal and the December 20, 2013 notice re-iterating their consent.[2] (See Piskora Decl. ¶¶ 3-4,

---

[2] For this reason, plaintiff's reliance on Codapro Corp. v. Wilson, 997 F. Supp. 322 (E.D.N.Y. 1998) is misplaced. In Codapro, in addition to a failure to file a notice of appearance, there was no evidence

5

6; Black Decl. ¶¶ 3, 5; Suskind Decl. ¶¶ 3-5.) The WSB Defendants have provided timely, written, and unambiguous evidence of their consent to removal, which is all that is required under the law.

## REQUEST FOR SANCTIONS

The WMEE Defendants and the WSB Defendants request an award of fees and costs against plaintiff and/or plaintiff's counsel pursuant to 28 U.S.C. § 1927. (See Opp. at 8, ECF No. 91.) Sanctions under § 1927 require "a clear showing of bad faith on the part of an attorney." Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000). "Bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (internal quotation marks and citation omitted). Though this motion is baseless, the Court declines to award such fees and costs at this time. However, should unnecessary litigation be proliferated or bad faith become otherwise apparent, the Court states now that it will take a subsequent § 1927 application seriously.

---

in the record that the other defendants had retained or otherwise authorized the alleged defendant-representative (who happened to be an attorney, but was proceeding pro se in that action) to act on their behalf. Id. at 326-27. This is not such a case.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is DENIED and defendant Alan Wallin is DISMISSED from this action.

The Clerk of Court is directed to terminate the motion at ECF No. 77.

SO ORDERED.

Dated:   New York, New York
         February 3, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge